IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00223-BNB

JAMES D. McDANIEL,

    Plaintiff,

v.

JOHN SUTHERS, Colo. Att. General (Official Capacity),
TAMARA S. RUSSELL, Jefferson County Dist. Ct. Judge (Official Capacity), and
SCOTT STOREY, Jefferson County Dist. Attorney (Official Capacity),

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 2008

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff James D. McDaniel, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Limon, Colorado, Correctional Facility. On January 23, 2008, Plaintiff submitted to the Court a *pro se* Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Hall*, 935 F.2d at 1110. However, a court should not act as an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the action will be dismissed in part and ordered drawn in part.

In the Complaint, Plaintiff asserts that he is serving a life sentence for first degree kidnapping, first degree sexual assault, and first degree assault. He further alleges that he has petitioned the state courts and the United States Supreme Court for DNA testing of biological evidence that was available at the time of his criminal trial but was not tested. Plaintiff's state court petition was asserted pursuant to a 2003 Colorado state law that provides for DNA testing of preserved biological evidence if DNA testing will demonstrate the petitioner's actual innocence and DNA testing was not reasonably available at the time of the petitioner's conviction.

The 2003 state law was not enacted until after Plaintiff had exhausted his postconviction remedies and had filed a 28 U.S.C. § 2254 action in this Court. Mr. McDaniel contends that the state courts have denied his petition seeking DNA testing in violation of his Fourteenth Amendment rights because state law has created a procedural due process right to testing of the evidence at issue. As relief in this action, Mr. McDaniel asks for access to the genetic evidence so that he may have the evidence tested at his own expense.

With respect to the claims asserted against Defendants John Suthers and Scott Storey, the action will be drawn to a district judge and to a magistrate judge.

As for Defendant Tamara S. Russell, she is absolutely immune from liability in civil rights suits when she is acting in her judicial capacity, unless she acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v.*

*Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judge Russell's decision in denying Plaintiff access to genetic evidence for DNA testing was an action taken in her judicial capacity. Judge Russell was not acting in the clear absence of all jurisdiction. Therefore, the claims asserted against Judge Russell are barred by absolute judicial immunity. Accordingly, it is

ORDERED that Defendant Tamara S. Russell is dismissed from the action. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendant Tamara S. Russell from the docketing record as a party to this action. It is

FURTHER ORDERED that the claims asserted against remaining Defendants shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 28 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00223-BNB

James D. McDaniel
Prisoner No. 63787
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/3/08

                               GREGORY C. LANGHAM, CLERK

                               By: _____
                                        Deputy Clerk