IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00223-WDM-MEH

JAMES D. MCDANIEL,

Plaintiff,

v.

JOHN SUTHERS, Colo. Att. General (official capacity), and
SCOTT STOREY, Jefferson County Dist. Attorney (official capacity),

Defendants.

## COLORADO ATTORNEY GENERAL'S MOTION TO DISMISS

Colorado Attorney General John Suthers, by and through undersigned counsel and the Office of the Colorado Attorney General, hereby respectfully files this motion to dismiss in response to the complaint in this matter. The complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### INTRODUCTION

In December, 1996, in Jefferson County District Court Case No. 1996 CR 1886, a state court jury convicted Plaintiff McDaniel ("McDaniel") of first degree kidnapping, two counts of first degree sexual assault, and first degree assault. He was sentenced to: life imprisonment on count 1; 30 years imprisonment (consecutive to count 1) on count 2; 30 years imprisonment (consecutive to counts 1 and 2) on count 3; and 20 years imprisonment

(consecutive to counts 1, 2, and 3) on count 6.  Since that time McDaniel has litigated the validity of his conviction and sentence via various and sundry means.

In this Prisoner complaint, McDaniel requests the following relief:

> [A] permanent injunction requiring he be allowed access to all remaining genetic material in [his state court criminal case], which was previously untested, i.e., blood, semen and hair samples [pursuant to § 18-1-412, Colo. Rev. Stat.].

*Complaint, Doc. 3 at p. 11*.  He claims that this court has jurisdiction to redress violations of his constitutional rights pursuant to 42 U.S.C. § 1983.  He sues Attorney General Suthers ("AG") in his official capacity, alleging that the AG violated McDaniel's constitutional rights solely because the AG represented the state district court when McDaniel appealed that court's denial of his motion for DNA testing.  In this regard, the complaint states as follows:  "McDaniel has named Defendant Suthers because he defended Judge Russell's decision [denying DNA testing] on appeal."  *Complaint, Doc. 3 at p. 6, last paragraph; at p. 7, first paragraph*.

This complaint must be dismissed on any one of various alternative grounds.  The lower federal courts lack jurisdiction to hear this matter based on the state's Eleventh Amendment immunity, and based on the *Rooker-Feldman* doctrine.  Further, the complaint fails to state a claim upon which relief can be granted.

The crux of the complaint is that some of the evidence collected from the victim and from the crime scene was not tested for DNA; that DNA testing will reveal that this evidence did not belong to McDaniel; and that therefore, the DNA testing will prove that McDaniel is

2

not guilty.[1]  This argument fails to state a claim upon which relief can be granted with regard to the AG, both as a matter of simple logic and because the AG plays no role in DNA testing, and the AG did not violate McDaniel's constitutional rights when his office defended the trial court's denial of the motion for testing.[2]  Nor does McDaniel's argument on its face meet the criteria for testing as specified in the relevant state statute.[3]

## ARGUMENT

I.  LACK OF JURISDICTION

A.  Eleventh Amendment

As Article III courts, the lower federal courts are courts of limited jurisdiction that may rule only upon "cases and controversies" pursuant to section 2 of article III of the U.S. Constitution.  *Opala v. Watt*, 454 F.3d 1154, 1157, *cert. denied*, 127 S.Ct. 738 (2006).  In order for this requirement to be met, a plaintiff must have standing, which "is the threshold question in every federal case, determining the power of the court to entertain the suit."  *Id.*,

---

[1]  Specifically, the complaint states that such testing "may prove his actual innocence."  *Doc. 3, Complaint at p. 6*.

[2]  Also, McDaniel's conviction, including the existence of the supposedly-exculpatory DNA evidence, has been already been litigated numerous times, which will apparently form the basis of Jefferson County's response to the complaint.  *See* motion for extension of time. *Doc. 21 at p. 1, ¶4*.

[3]  See text of statute, attached hereto and incorporated herein as Attachment 1.  It could also be argued that this alleged § 1983 complaint is in actuality a suit attacking the validity of his conviction, which would be subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

3

quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  McDaniel cannot meet the threshold standard concerning standing.

> The irreducible constitutional minimum of Article III's case-or-controversy requirement contains three elements.  First, the plaintiff must have suffered an injury in fact that is concrete rather than conjectural or hypothetical.  Second, the plaintiff must show that there is a causal connection between the injury and the conduct complained of.  Finally, the plaintiff must show that it is likely, and not merely speculative, that the injury complained of will be redressed by a favorable decision.  The party seeking to invoke federal jurisdiction bears the burden of establishing all three elements of standing.

(internal quotation marks and citations omitted) 454 F.3d at 1157.  The complaint herein fails to meet the second element of standing.  With regard to the AG, McDaniel cannot show that there is a causal connection between the injury (lack of additional DNA testing) and the conduct complained of (the AG's representation of the state trial court).

Further, because this suit is against the AG in his official capacity, "federal jurisdiction is limited by sovereign immunity"; "nonconsenting States [or arms of the State] may not be sued by private individuals in federal court."  (internal quotation marks and citations omitted) 454 F.3d at 1157.  Colorado has not waived its immunity or consented to suit, nor has Congress validly abrogated the state's immunity in enacting § 1983.  *Harris v. Owens*, 264 F.3d 1282, 1290 (10th Cir. 2001), *cert. denied*, 535 U.S. 1097 (2002); *Quern v. Jordan*, 440 U.S. 332, 341 (1979).

The *Ex parte Young* exception to sovereign immunity does not apply in the instant case.  The complaint fails to meet at least two of the tests in order to qualify for the *Ex parte*

*Young* exception: "the alleged conduct of the state officials constitutes a violation of federal law"; and "the relief sought is permissible prospective relief." 454 F.3d at 1158. The conduct of the AG in representing the state district court does not constitute a violation of federal law, and the only possible relief against him is retrospective, i.e., preventing him from having defended the state court's decision on appeal. Lawsuits that seek retroactive relief against state officials in their official capacity "are deemed to be suits against the state." *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1188 (10th Cir. 1998), *cert. denied*, 525 U.S. 1122 (1999). It is also well-settled that "neither a state nor its officials acting in their official capacities are persons under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

B.  *Rooker-Feldman*

McDaniel's conviction, including the existence of the supposedly-exculpatory DNA evidence, has already been litigated numerous times, including in federal and in Colorado's state appellate courts.[4] Specifically, the state district court has denied his motion for DNA testing pursuant to the provisions in sections 18-1-411, *et seq.*, Colo. Rev. Stat. Therefore, this federal complaint constitutes a challenge to the validity of a state court decision, which is barred by the *Rooker-Feldman* doctrine. This doctrine holds that the lower federal courts are

---

[4] Jefferson County's response to the complaint will apparently discuss this. *See* motion for extension, *Doc. 21 at 1, ¶4.*

5

deprived of jurisdiction to hear suits that "amount to appeals of state-court judgments." *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006).

While the scope of *Rooker-Feldman* has been narrowed in recent times, this case still fits squarely within its current parameters. McDaniel is a "state-court [loser] complaining of injuries caused by [a] state-court [judgment] rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Lance v. Dennis*, 546 U.S. 459 (2006). Indeed, the substance of the federal complaint herein clearly acknowledges that McDaniel lost at the state district court, that this denial of DNA testing constitutes his injury, and that the state court judgment occurred prior to the filing of this federal lawsuit, as did all appeals thereof. *Complaint, Doc. 3 at pp. 5-7*.

The following chronology is applicable to the issue of the state court denial of McDaniel's motion for additional DNA testing.

| | |
|---|---|
| 02/27/06 | McDaniel files motion for additional DNA testing pursuant to § 18-1-411, *et seq*. |
| 03/17/06 | after briefing by the parties, state district court order denies motion |
| 04/10/06 | McDaniel files a notice of appeal with Colorado Court of Appeals (06CA0703) |
| 03/29/07 | after briefing, Court of Appeals affirms district court[5] |

---

[5] The complaint incorrectly states that the Colorado Court of Appeals dismissed this appeal "*sua sponte*." *Document 3, Complaint at p. 5-6*. To the contrary, McDaniel filed an opening brief and the state filed an answer brief, and the court considered these documents, as well as the record, in reviewing the "denial of [McDaniel's] Crim. P. 35(c) motion seeking postconviction DNA testing under § 18-1-411, C.R.S." *See* copy of opinion attached hereto

| | |
|---|---|
| 04/12/07 | McDaniel's petition for rehearing denied |
| 04/15/07 | McDaniel petitions for *certiorari* in Colorado Supreme Court (07SC 303) |
| 07/02/07 | Colorado Supreme Court denies petition |
| 08/03/07 | McDaniel petitions U.S. Supreme Court for *certiorari* |
| 11/26/07 | U.S. Supreme Court denies petition |
| 01/02/08 | McDaniel's Colorado Appellate Rule 21 petition to the Colorado Supreme Court denied |
| 01/23/08 | McDaniel files instant complaint in U.S. District Court. |

*See also Complaint, Doc. 3 at pp. 5-6*: "[U]pon exhaustion of his federal remedies, [McDaniel] filed an application to the Jefferson County District Court …."

Thus it is clear that this federal complaint, which challenges the state district court's denial of McDaniel's motion for DNA testing, was brought after the conclusion of all appeals thereof, and is barred by *Rooker-Feldman*. *Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 897 (2008). A subsequent federal complaint that seeks review and reversal of a state-court judgment is properly dismissed under *Rooker-Feldman*. *Id*. at 1147. McDaniel's request that this court issue "a permanent injunction requiring he be allowed access to all remaining [untested] genetic material" (*Complaint, Doc. 3 at 11*) does, in fact, seek "review and reversal" of the state district court judgment, and is

---

and incorporated herein as Attachment 2 at p. 1, ¶¶1 and 2. The issue was fully considered and rejected on the merits. The opinion also noted that McDaniel "has filed other postconviction motions challenging the use of DNA evidence." Opinion at 1, ¶3.

7

"precisely the [type] of [claim] encompassed by the *Rooker-Feldman* doctrine." *Id*. The complaint should be dismissed for lack of subject matter jurisdiction.

II. <u>FAILURE TO STATE A CLAIM</u>

McDaniel has been granted leave to bring this civil action *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915(e)(2)(B)(ii) provides in material part as follows:

> [T]he court shall dismiss the case at any time if the court determines that: . . . the action or appeal . . . fails to state a claim on which relief may be granted.

*See also* Fed. R. Civ. P. 12(b)(6). An examination of the complaint herein demonstrates that even if all its allegations are taken as true and construed in McDaniel's favor, he is not entitled to relief.

The same standard of review is applicable to § 1915(e)(2)(B)(ii) dismissals for failure to state a claim as for Fed. R. Civ. P. 12(b)(6) motions to dismiss. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In order to survive a motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and the complaint must be plausible. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1970 (2007). While all allegations are presumed to be true and construed in a light most favorable to the plaintiff, and a *pro se* complaint is held to a less stringent standard than a pleading drafted by a lawyer, the court cannot "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Further,

8

> The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.

*Hall*, 935 F.2d at 1110.

As the complaint herein acknowledges, DNA testing on other evidence prior to trial, including saliva and blood, did match that of McDaniel. *Doc. 3, Complaint at p. 7*. The complaint nowhere explains how the finding that another individual's DNA was present would exclude McDaniel as the perpetrator. Thus, there is no logical connection between further DNA testing and McDaniel's guilt. Further, even the complaint itself states merely that such testing "**may** prove [McDaniel's] actual innocence." (emphasis added) *Complaint, Doc. 3 at p. 6*. Thus the supposedly factual allegations of the complaint are wholly conclusory and in no way raise a right to relief above the highly speculative level. In fact, they make no sense. The complaint is thoroughly implausible, and must be dismissed for failure to state a claim. Also, as appellate counsel, the AG and his office do not have "actual or constructive possession" of any biological evidence in the underlying state court criminal conviction. § 18-1-411(2), Colo. Rev. Stat.

WHEREFORE, based on the above argument and authorities, the Colorado Attorney General respectfully requests that this complaint be dismissed.

Dated:  April 21, 2008

 Respectfully submitted,


JOHN W. SUTHERS
Attorney General


*s/ Dianne E. Eret*
DIANNE E. ERET*
Assistant Attorney General
State Services Section
Attorneys for Defendant John Suthers

1525 Sherman Street, 7th Floor
Denver, Colorado  80203
Telephone:  (303) 866-5380
FAX:  (303) 866-5671
E-Mail:  dianne.eret@state.co.us
*Counsel of Record

9121

CERTIFICATE OF SERVICE

This is to certify that on April 21, 2008, I electronically filed this **COLORADO ATTORNEY GENERAL'S MOTION TO DISMISS** with the Clerk of court using the CM/ECF system, and I hereby certify that I have mailed this document to the following individuals by U.S. mail as indicated below:

James D. McDaniel, Inmate #63787
Limon Correctional Facility
39030 State Highway 71
Limon, CO  80826


Writer Mott
Assistant County Attorney
100 Jefferson County Parkway  #5500
Golden, CO  80419


*s/ Pamela Ponder* _____
PAMELA PONDER

AG ALPHA:        LW AG GRLVF
AG File:            \\S_DOL_1\DATA\SS\SSERETDE\SSDE9121.DOC