IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00223-WDM-MEH

JAMES MCDANIEL,

     Plaintiff,
v.

JOHN SUTHERS, Colorado Attorney General (official capacity), and
SCOTT STOREY, Jefferson County District Attorney (official capacity),

     Defendants.
_____

**RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS**
_____

Pending before the Court are Defendants' Motions to Dismiss filed by Defendant Suthers [filed April 21, 2008; doc. #28] and Defendant Storey [filed May 8, 2008; doc. # 39], in response to Plaintiff's Complaint [doc. #3]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1.C, the Motions have been referred to this Court for recommendation. Because the parties attached materials to their respective Motions, the Court has converted the motions to motions for summary judgment. Doc. #53. For the reasons stated herein, I recommend that Defendants' motions be **granted**.[1]

---

[1]Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d

**BACKGROUND**

Plaintiff McDaniel alleges that, in 1996, a Colorado state court jury convicted him of first-degree kidnapping, two counts of first degree sexual assault, and first degree assault, stemming out of a car-jacking incident in Jefferson County. Plaintiff was sentenced to life and 80 consecutive years of imprisonment. Doc. #3 at 3.

The victim in the kidnapping had been bound with her own bra and was found in her car, which was crashed into a telephone pole. *Id.* Gathered in evidence for the trial were certain biological materials, including blood on the victim's slip, hair from the vehicle, a swab of dried blood from the vehicle, and saliva from a cigarette butt found in the vehicle, all of which were genetically tested and matched to the Plaintiff. Doc. #39 at 2. In addition, police also gathered semen from a rape kit, a pubic hair from the victim's vagina, and blood that was on the victim's bra. *Id.* No genetic testing was performed on the semen, pubic hair, or the blood found on the victim's bra, although the blood type on these materials matched the victim's husband. Doc. #39 at 2. This additional evidence was disclosed to defense counsel prior to the criminal trial. *Id.*

Plaintiff appealed his conviction, which was affirmed. Doc. #3 at 5. Following his conviction, Plaintiff filed a Writ of Habeas Corpus on March 23, 2003, pursuant to 28 U.S.C. § 2254, arguing that the jury would not have found him guilty had the additional biological evidence been genetically tested. *Id.*; Doc. #39 at 2. Plaintiff's habeas petition was subsequently dismissed. Doc. #3 at 5. Plaintiff appealed the dismissal to the Tenth Circuit, and the dismissal was upheld. *Id.* At the same time, Plaintiff filed a motion for additional DNA testing, pursuant to Colo. Rev. Stat. § 18-1-412 (2006). *Id.* The state district court denied the motion, and Plaintiff appealed the

---

1159, 1164 (10th Cir. 1986).

decision to the Colorado Court of Appeals, but the denial was affirmed. *Id.* Plaintiff's petition for rehearing and petitions for *certiorari* to both the Colorado Supreme Court and U.S. Supreme Court were all denied. *Id.*

Thereafter, Plaintiff filed the current complaint in the United States District Court, naming the state trial court judge[2], district attorney, and attorney general as co-defendants. *Id.* Plaintiff alleges denial of due process and seeks permanent injunctive relief in the form of access to the biological evidence for testing. *Id.* at 11. Both Defendants moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim. Doc. #28, Doc. #39. Defendant Suthers argues that the complaint should be dismissed on any one of various alternative grounds: (1) Plaintiff cannot meet the causation requirement of standing; (2) the Court lacks jurisdiction because of Eleventh Amendment Immunity; (3) federal courts lack jurisdiction because of the *Rooker-Feldman* doctrine; and (4) the complaint fails to state a claim upon which relief can be granted, because the defendant Attorney General does not have custody or control of the biological evidence. Doc. #28. Defendant Storey argues that the complaint should be dismissed for any of the following reasons: (1) *Heck v. Humphrey* does not allow a Section 1983 claim to question the validity of a prisoner's sentence; (2) the complaint fails to state a claim upon which relief can be granted; (3) the defendant District Attorney does not have custody of the biological material; and (4) federal courts lack jurisdiction because of the *Rooker-Feldman* doctrine. Doc. #39.

## **DISCUSSION**

**I.      Standards of Review**

---

[2] The claims against the trial court judge were dismissed because of her absolute judicial immunity. Doc. #6 at 1.

3

## A. Legal Standard for Summary Judgment

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006). If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must

4

be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). Finally, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

      **B.**      **Standard of Review for Pro Se Pleadings**

Because Plaintiff is proceeding *pro se,* he is entitled to have his filings construed liberally, holding them to less stringent standards than a formal pleading drafted by an attorney. *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007). The court, however, "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997) (internal quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Curley v. Perry,* 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quotation marks and citations omitted).

Construed liberally, Plaintiff seeks permanent injunctive relief for the alleged violation of his substantive and procedural due process rights in the form of access to the biological evidence. Plaintiff alleges that state law creates a due process right for access to biological evidence, and that Defendants violated his due process rights when they represented the state in opposition to Plaintiff's attempts to gain access to the biological evidence. Doc. #3 at 7. Plaintiff argues that he "seeks only access to the evidence for testing to which point he was previously denied." Doc. #40 at 7. As such, he claims not to be seeking, at this time, to overturn his sentence.

5

**II.     *Rooker-Feldman* Doctrine**

Because federal courts must determine that they have jurisdiction before proceeding to the merits, *Lance v. Coffman*, __ U.S. __, 127 S.Ct. 1194, 1197 (2007); *Cudjoe v. Independent School Dist. No. 12*, 297 F.3d 1058, 1063 (10th Cir. 2002), I first address Defendants' argument that Plaintiff's claim is barred under the *Rooker-Feldman* doctrine as a de facto appeal of the Colorado state courts' decisions. The *Rooker-Feldman* doctrine merely recognizes that federal district courts are not authorized "to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to [the Supreme] Court." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n. 3 (2002). The Court recently clarified the scope of the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, (2005), narrowing it "to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. *See also Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006) ("*Rooker-Feldman* doctrine only applies to cases brought after state court proceedings have ended.") (quotation marks and citations omitted).

Although Plaintiff is a state court loser, and the state court judgment occurred before his Section 1983 suit, *Rooker-Feldman* does not bar this case. The injury about which Plaintiff complains–his lack of access to biological evidence–predated the state court judgment. Therefore, the injury could not have been caused by that judgment. *McKithen v. Brown*, 481 F.3d 89, 98 (2d Cir. 2007) ("[G]iven that [the prisoner] in federal court seeks redress for an injury that existed in its exact form prior to the state-court judgment, he cannot be complaining of an injury 'caused by' the state court."). Thus, although Plaintiff has repeatedly petitioned state courts to gain access to certain

biological evidence, the decisions of the state courts do not serve to bar Plaintiff's Section 1983 claim under the *Rooker-Feldman* doctrine,³ because the state court did not address Plaintiff's constitutional claims.

**III. Section 1983**

**A. Does Plaintiff State a Cognizable Claim under Section 1983?**

Defendant Storey also argues that the case should be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994). At issue is whether the suit is a direct challenge to Plaintiff's conviction or sentence, and thus must be brought in the form of a habeas petition. Plaintiff brings his suit under 42 U.S.C. § 1983, which gives a cause of action against anyone "who under color of [state law], subjects, or causes to be subjected, any [person] . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Plaintiff alleges that he was deprived of his due process rights by being denied post-conviction access to the biological evidence in question. At first glance, it would seem that Plaintiff is able to state a cognizable claim under Section 1983's terms. The Supreme Court has recognized, however, that there is "an implicit exception from § 1983's otherwise broad scope for actions that lie 'within the core of habeas corpus,'" *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). In defining the limits of this exception, however, the Supreme Court has been careful to limit it only to cases where a prisoner's Section 1983 claim "necessarily demonstrates the invalidity of the conviction." *Heck*, 512 U.S. at 481. Accordingly, the Court must determine whether Plaintiff's claim, asserting a post-

---

³Although the state-court decisions do not bar this case under *Rooker-Feldman*, they could present issue preclusion problems. However, Defendants did not raise a preclusion defense in their responses, and the Court is under "no obligation" to raise the defense *sua sponte*. *Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 398 n. 4 (2d Cir. 2003).

7

conviction right of access to biological evidence for DNA testing, is cognizable under Section 1983 or whether it is properly limited to the realm of habeas corpus.

The circuit courts have split in their resolution of this question. The Second, Seventh, Ninth, and Eleventh Circuits have found that a prisoner may properly bring a claim under Section 1983 for post-conviction access to biological materials for DNA testing. *See, e.g., McKithen*, 481 F.3d at 99; *Savory v. Lyons*, 469 F.3d 667, 669 (7th Cir. 2006); *Osborne v. Dist. Attorney's Office for the Third Judicial Dist.*, 423 F.3d 1050, 1054 (9th Cir. 2005); *Bradley v. Pryor*, 305 F.3d 1287, 1290-91 (11th Cir. 2002); *see also* Wade v. Brady, 460 F. Supp. 2d 226, 237 (D. Mass. 2006); *Derrickson v. Del. County Dist. Attorney's Office*, No. 04-1569, 2006 WL 2135854, at *8 (E.D.Pa. July 26, 2006). The Fourth, Fifth, and Sixth Circuits, on the other hand, have rejected this use of a Section 1983 claim, holding that such claims are limited to habeas corpus petitions. *See Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002); *Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir. 2002) (per curiam); *see also Boyle v. Mayer*, 46 F. App'x 340, 340 (6th Cir. 2002).

Although the Tenth Circuit has rejected other attempts to use Section 1983 claims for post-conviction injunctive relief, *see Alexander v. Lucas*, 259 Fed. App'x 145 (10th Cir. 2007), it has not considered whether it is possible to bring such a claim to gain post-conviction access to biological materials for DNA testing. Only one district court within the circuit has resolved this question, finding that there is a cognizable Section 1983 claim. *Bryson v. Macy*, No. CIV-05-1150-F, 2007 WL 682030, at *5 (W.D. Okla. Mar. 1, 2007). Based particularly on the reasoning set forth in *McKithen*, 481 F.3d at 99-103, I recommend that the District Court find that this claim is not barred by *Heck v. Humphrey*, because providing access to evidence for DNA testing does not, by itself, demonstrate the invalidity of Plaintiff's conviction.

8

In *Heck*, the Supreme Court prohibited a prisoner from bringing a Section 1983 claim where "a judgment would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. In subsequent cases, the Court has repeatedly emphasized that such claims are barred only when they would *necessarily* indicate the conviction's invalidity. *See Nelson v. Campbell*, 541 U.S. 637, 647 (2004) ("[W]e were careful in *Heck* to stress the importance of the term 'necessarily.'"); *Wilkinson*, 544 U.S. at 80 (finding that claims are barred under *Heck* only when "victory for the prisoners [would] necessarily have meant immediate release or a shorter period of incarceration."). In this case, although Plaintiff at times contends that his complaint does not seek to overturn the conviction per se, at other points he argues that access to the evidence "would show he was actually innocent." Doc. #3 at 7. However, despite Plaintiff's disjointed arguments, this case is not properly governed by *Heck*.[4] A favorable disposition for the Plaintiff would simply allow the Plaintiff to have access to the biological material, without any determination as to the validity of his conviction. Thus, the judgment would not "necessarily imply" the invalidity of his conviction. *See Wade*, 460 F. Supp. 2d at 238 ("As an initial matter, the only *inevitable* consequence of plaintiff's § 1983 action would be the release of evidence to a laboratory for DNA testing. The results of any such test are uncertain: they could be exculpatory, inconclusive, or even inculpatory.").

**B.    Proper parties**

Even if Plaintiff states a cognizable claim under Section 1983, he must make the claim against parties who have wronged him and can redress his injury. Plaintiff sued both the District

---

[4]Defendant Storey argues that Plaintiff's pleadings can only be construed as a direct challenge to his conviction. Although Plaintiff does inconsistently state his intentions, Defendant Storey fails to recognize that Plaintiff is entitled to a liberal construction of his filings. I construe Plaintiff's filings as indicating that his intention here is only to gain access to the biological material, not to challenge his conviction.

9

Attorney and the Attorney General for their roles in representing the State of Colorado in his state suits. Defendant Storey argues that he, in his official capacity as Jefferson County District Attorney, does not have "custody or control" over the biological material in question. Doc. #39 at 10. Similarly, Defendant Suthers argues that he also does not have "actual or constructive possession" of any biological evidence. Doc. #28 at 9. To support these claims, Defendant Storey submitted an affidavit from Detective Mark Slavsky of the Wheat Ridge Police Department, who confirmed that the police department is the "custodian of all of the evidence used to prosecute James McDaniel." Doc. #29-2 ¶2.

It is well settled that prior to trial, the prosecution has a duty to collect and preserve material evidence. *People v. Braunthal*, 31 P.3d 167, 172 (Colo. 2001). This duty extends to the police, who act under the authority of the prosecutor in their investigations. *United States v. Buchanon*, 891 F.2d 1436, 1442 (10th Cir. 1989). The police collect and preserve evidence under the authority of the prosecution before trial, and it is because of the prosecutors' interest in defending the decisions of the state's criminal justice system that evidence is retained after trial. Indeed, in a similar case in the Sixth Circuit, the District Attorney General was allowed to intervene in a suit against the custodian of biological evidence because the District Attorney General "has a far more direct interest in defending and pursuing the State's interest in its criminal procedures and the finality of the decisions of its criminal justice system." *Alley v. Key*, 431 F. Supp. 2d 790, 793 (W.D. Tenn. 2006), *aff'd*, No. 06-5552, 2006 WL 1313364 (6th Cir. May 14, 2006). Because the evidence was collected and preserved under the authority of the prosecutorial powers of the state, the District Attorney and Attorney General should retain the authority to grant access to that evidence. As such, Defendants have not established as a matter of law that they cannot grant access to the evidence simply because

10

it is in the possession of the Wheat Ridge Police Department. Therefore, Defendants are proper parties to this suit. *See Breest v. Att'y Gen. for N.H.*, No. 06-cv-361-SM, 2008 WL 183240, at *4 (D.N.H. Jan. 18, 2008) ("[A]nd New Hampshire's Attorney General . . . certainly may provide the necessary [biological] sample as a matter of her discretion,"). While the Wheat Ridge Police Department, the current custodian of the biological evidence, may also be a proper defendant in this case, such an amendment to the pleadings is unnecessary based on the analysis set forth below.

### C. Violation of right to due process

To prevail on a Section 1983 claim, Plaintiff must be able to demonstrate that the Defendants, acting under color of state law, violated a right, privilege, or immunity secured by the constitution or laws of the United States. *Hill v. Ibarra*, 954 F.2d 1516, 1520 (10th Cir.1992). Plaintiff improperly argues that Defendants violated his due process rights by opposing his efforts to gain access to the evidence. Such a claim against Defendants is barred by prosecutorial immunity. *Yarris v. County of Delaware*, 465 F.3d 129, 135-36 (3d Cir. 2006). Nevertheless, the Court broadly construes Plaintiff's claims to include both substantive and procedural due process claims, because Plaintiff has sued Defendants in their official capacities seeking only the injunctive relief of access to the biological evidence. However, Plaintiff cannot prevail under either theory.

#### 1. Substantive Due Process

Plaintiff claims that he has a federally-protected due process right to access all potentially exculpatory materials for the purpose of DNA testing. "So-called 'substantive due process' prevents the government from engaging in conduct that 'shocks the conscience' or interferes with rights 'implicit in the concept of ordered liberty.'" *U.S. v. Salerno*, 481 U.S. 739, 746 (1987) (citations omitted). The question of whether there is a constitutionally-protected right to post-conviction

access to potentially exculpatory biological material for purposes of DNA testing has not been reached by the Tenth Circuit and is an open question. *Compare Harvey v. Horan*, 285 F.3d 298, 312-15 (4th Cir. 2002) (Luttig, J., concurring in denial of rehearing en banc on mootness grounds) ("I believe, and would hold, that there does exist such a post-conviction right of access to evidence") *with Harvey v. Horan*, 278 F.3d 370, 376-77 (4th Cir. 2002) (King, J., concurring in part and concurring in the judgment) (concluding that the defendant had "no post-conviction legal right to access or discover the [biological] evidence to his . . . conviction"). The only court in this circuit to reach this question found that there is a "federally protected right to post-conviction access to potentially exculpatory evidence for DNA testing," *see Bryson*, 2007 WL 682030 at *5.

Assuming *arguendo* that some general due process right exists, Plaintiff's substantive due process rights have not been violated. The government's actions here simply do not "shock the conscience." Plaintiff admits that the evidence was available to him prior to trial, as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and that, on his counsel's advice, he opted not to seek genetic testing for the material at that time.[5] Doc. #3 at 4. Moreover, Plaintiff has been afforded numerous opportunities in both state and federal courts to appeal his conviction on the grounds that the evidence was not tested. Doc. #39 at 2. Notably, both state and federal courts found that testing of the biological evidence would not be material, as there was sufficient evidence to support his conviction irrespective of any additional testing. Thus, whatever due process right Plaintiff might have to the material, if any at all, has been protected. *See Grayson v. King*, 460 F.3d 1328 (11th Cir. 2006) ("[W]e do not foreclose the possibility that a §1983 plaintiff could, under some extraordinary

---

[5]While Plaintiff may have a claim here for ineffective assistance of counsel, he cannot claim that he was denied access to the material. Further, any such claim could only be raised in a habeas proceeding.

12

circumstances, be entitled to post-conviction access to biological evidence for the purpose of performing DNA testing. Instead, we simply hold that Grayson has no such constitutional or federally protected right under *Brady* because the evidence was available prior to trial, he received a fair trial, and he cannot show a reasonable probability that . . . the result of the proceeding would have been different." (Quotation marks and internal citations omitted.))

### 2. Procedural Due Process

In addition to a substantive due process claim, Plaintiff claims that state law has created a procedural due process right to post-conviction access of biological evidence for DNA testing. "When government action survives substantive due process scrutiny, it must still be implemented in a fair manner." *Salerno*, 481 U.S. at 746 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). To prevail on a procedural due process claim, a plaintiff must first demonstrate the existence and deprivation of a protected property interest for which the plaintiff is constitutionally entitled to an appropriate level of process. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). An individual has a property interest only if he has a "legitimate claim of entitlement" to the benefit, as opposed to a mere "abstract need or desire" or "unilateral expectation." *Id.* (quoting *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 577 (1972)). Such an interest is "created by independent sources such as a state or federal statute." *Carnes v. Parker,* 922 F.2d 1506, 1509 (10th Cir.1991). While the underlying interest is generally created by state law, "federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." *Town of Castle Rock v. Gonzales,* 545 U.S. 748, 757 (2005) (quotation omitted).

In this case, Plaintiff claims that Colo. Rev. Stat. § 18-1-412 and § 24-72-302 both guarantee

a due process right of access to biological evidence, which was violated by Defendants. Doc. #41 at 3. First, Plaintiff claims that he is able to access the evidence under the Colorado Open Records Act, because "Section 24-72-302 specifically includes genetic materials that may be available." Doc. #41 at 3. The Colorado Open Records Act seeks to provide "that such [criminal] records shall be open to inspection by any person and open to challenge by any person in interest . . . and that all other records of the criminal justice agencies in this state may be open for inspection as provided." § 24-72-301. However, under this statute, criminal justice records are defined and limited to: "all books, papers, cards, photographs, tapes, recordings, or other documentary materials, regardless of form or characteristics . . . including but not limited to the *results of chemical biological substance testing* to determine genetic markers." § 24-72-302(1) (emphasis supplied). Plaintiff fails to note that the statute gives a right of access to documentary materials, not physical evidence. Thus, Section 24-72-302 would only confer a procedural due process right to the records associated with the biological materials–the results of previous DNA testing, for example–and not the physical evidence itself. Even if Section 24-72-302 could apply, Plaintiff has not followed any of the procedures outlined in this statute for gaining access to the materials.

Second, Plaintiff claims that Section 18-1-412 creates a procedural due process right to post-conviction access of biological evidence. In Colorado, "an incarcerated person may apply to the district court . . . for DNA testing concerning the conviction and sentence the person is currently serving." *Id.* However, for the petition to succeed, the petitioner must demonstrate, by a preponderance of the evidence, that:

> (a) Favorable results of the DNA testing will demonstrate the petitioner's actual innocence; (b) A law enforcement agency collected biological evidence pertaining to the offense and retains actual or constructive possession of the evidence that allows for reliable DNA testing; (c)(I) Conclusive DNA results were not available

14

prior to the petitioner's conviction; and (II) The petitioner did not secure DNA testing prior to his or her conviction because DNA testing was not reasonably available or for reasons that constitute justifiable excuse, ineffective assistance of counsel, or excusable neglect; and (d) the petitioner consents to provide a biological sample for DNA testing.

*Id.* § 18-1-413. Thus, although the statute does create some post-conviction right to access biological evidence for DNA testing, this right is qualified to situations where the prisoner is able to demonstrate the above requisites. In this case, the Colorado Court of Appeals determined that, because "[Plaintiff's] argument that a third party might have been present does not, of itself, prove defendant's innocence," Plaintiff could not establish his actual innocence by clear and convincing evidence. Doc. #28-3 at 3. Because the state courts fully evaluated Plaintiff's claim based on these statutory factors, Plaintiff received the procedural process he was due under Section 18-1-412 in the state court proceedings.

Therefore, because Plaintiff is unable to demonstrate either a violation of substantive due process or procedural due process, Defendants are entitled to summary judgment as a matter of law.

## CONCLUSION

Based on the foregoing, and the entire record herein, I do hereby **recommend** that Defendant Colorado Attorney General's Motion to Dismiss [filed April 21, 2008; doc. #28] and Defendant Scott Storey's Motion to Dismiss [filed May 8, 2008; doc. #39] be **granted**.

Dated at Denver, Colorado, this 31st day of July, 2008.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge