IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 08-cv-00223-WDM-MEH

JAMES MCDANIEL,

    Plaintiff,

v.

JOHN SUTHERS, Colorado Attorney General (official capacity), and
SCOTT STOREY, Jefferson County District Attorney (official capacity,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Michael E. Hegarty (doc no 62), filed July 31, 2008, that Defendants' Motions to Dismiss (doc nos 28 and 39), both converted to motions for summary judgment, be granted. Plaintiff filed an objection to the recommendation and therefore is entitled to *de novo* review. 28 U.S.C. § 636(b).[1] For the reasons that follow, I will accept the recommendation.

Plaintiff was convicted in 1996 by a Colorado state court jury of first degree kidnapping, two counts of first degree sexual assault, and first degree assault. Plaintiff's complaint, pursuant to 42 U.S.C. § 1983, seeks an injunction requiring Defendants to turn over biological materials collected from the victim and the scene of the assault, a car, so

---

[1]Plaintiff also sought to strike the response to his objection filed by Attorney General John Suthers. See Motion to Strike (doc no 75). Because I do not rely on the argument contained the Attorney General's response brief, the motion to strike is denied as moot.

that Plaintiff may obtain genetic testing on them. These materials were disclosed to Plaintiff and his attorney before his trial. The prosecution obtained serology tests but not genetic tests; the blood type was inconsistent with Plaintiff but was consistent with the victim's husband. Plaintiff, on the advice of his attorney, elected not waive his speedy trial rights in order to test the materials. Other biological evidence collected from the victim and the crime scene were genetically tested and matched to Plaintiff. Plaintiff's conviction was affirmed on appeal. Plaintiff has also been unsuccessful in his post-conviction proceedings, including, *inter alia*, a motion for additional DNA testing pursuant to C.R.S. § 18-1-412. Plaintiff's complaint asserts that he has been deprived of due process because of his inability, post-conviction, to obtain the samples for genetic testing.

Magistrate Judge Hegarty recommends granting summary judgment in favor of Defendants on the grounds that Plaintiff does not state a substantive due process or procedural due process claim. Specifically, while there may be a constitutionally-protected right to post-conviction access to potentially exculpatory biological materials, the government's conduct does not "shock the conscience." Magistrate Judge Hegarty bases this conclusion on the fact that the evidence was available to Plaintiff before trial and Plaintiff has had numerous opportunities to appeal the conviction on the grounds that the evidence was not tested. All courts considering the issue have determined that additional tests would be immaterial. There was strong evidence linking Plaintiff to the assault and all the reviewing courts have concluded that DNA testing of the evidence would not have changed the outcome of Plaintiff's trial.

In addition, Magistrate Judge Hegarty concludes that Plaintiff does not state a procedural due process claim because Plaintiff was not deprived of a protected liberty or

2

property interest without due process. Plaintiff relies on two state statutes as the basis for his claim of entitlement, C.R.S. § 18-1-412 and § 24-72-302, which he claims guarantee him the right of access to the materials. Section 24-72-302 is the Criminal Justice Records section of the Colorado Open Records Act. Magistrate Judge Hegarty determines that this statute is inapplicable because it pertains only to records and other documentary materials, not physical evidence. In addition, Section 18-1-412 provides a petition process for post-conviction access of biological materials. Plaintiff has availed himself of this process but did not meet the requirements of the statute[2], a determination upheld by the Colorado Court of Appeals. The due process clause only guarantees a fair process, not the outcome desired by a petitioner. Accordingly, Magistrate Judge Hegarty concludes that Plaintiff received all the process that he is due.

In his objections, Plaintiff first argues that the prosecution's failure to genetically test the biological materials amounts to conscience-shocking conduct. The case law cited by Plaintiff, however, is inapplicable, as it concerns the failure to disclose evidence before a defendant's trial. Here, Plaintiff had access to the material before his trial, but voluntarily elected not to proceed with genetic testing. I agree with Magistrate Judge Hegarty that,

---

[2]Section 18-1-413 permits a court to order DNA testing only if the following criteria are met: (a) Favorable results of the DNA testing will demonstrate the petitioner's actual innocence; (b) A law enforcement agency collected biological evidence pertaining to the offense and retains actual or constructive possession of the evidence that allows for reliable DNA testing; (c)(I) Conclusive DNA results were not available prior to the petitioner's conviction; and (II) The petitioner did not secure DNA testing prior to his or her conviction because DNA testing was not reasonably available or for reasons that constitute justifiable excuse, ineffective assistance of counsel, or excusable neglect; and (d) The petitioner consents to provide a biological sample for DNA testing. Plaintiff does not meet several of these criteria, including that testing will demonstrate actual innocence or that DNA testing was not previously available to him.

under the circumstances, Plaintiff's allegations do not demonstrate a substantive due process violation.

Plaintiff also objects to the conclusion that genetic testing would not have changed the outcome of the trial. Plaintiff bases this on his version of the events. Plaintiff asserts that he met the victim in a bar, spent some time with her in her car smoking and engaging in consensual sexual activity, and then returned to the bar; his defense is that another person later carjacked the victim's car and assaulted her. Plaintiff points to evidence that the semen deposit collected from the victim's vagina was allegedly "recent" but that there was evidence the victim had not had sex with her husband for several days.[3] Again, given the other significant evidence tying Plaintiff to the assault, Plaintiff has not shown that additional genetic testing would have made any difference in the outcome of the trial. Plaintiff already had the opportunity to show at trial that these biological materials were not attributable to him and that this supported his defense theory that another person committed the assault. The jury rejected this explanation and Plaintiff has not shown that genetic testing would have changed the result.

With respect to procedural due process, Plaintiff appears to concede that he has no claim pursuant to C.R.S. § 18-1-412. However, he objects to the determination that Section 24-72-302 of the Open Records Act does not apply to evidence. The plain text of the statute provides a procedure to seek "criminal justice records," defined as "all books, papers, cards, photographs, tapes, recordings, or other documentary materials . . . including but not limited to the results of chemical biological substance testing to determine

---

[3]The semen deposit did not match Plaintiff's blood type. However, the victim did not claim that her assailant had engaged in sexual intercourse with her.

genetic markers." C.R.S. § 24-72-302(4). Plaintiff argues that the statute goes on to say that applicants seeking criminal records "shall have the right to challenge the accuracy and completeness of records to which he has been given access, insofar as they pertain to him, and to request that said records be corrected." C.R.S. § 24-72-307(1). This provision still pertains only to records and documents, not to physical evidence. Accordingly, I agree with Magistrate Judge Hegarty that the Open Records Act does not give rise to a due process property right in the untested biological evidence Plaintiff now seeks.

Accordingly, it is ordered:

1. Defendants' Motion to Dismiss (doc nos 28 and 39), both converted to motions for summary judgment, are granted.

2. Summary judgment shall enter in favor of Defendants and against Plaintiff on all claims.

3. Defendants may have their costs.

4. Plaintiff's Motion to Strike (doc no 75) is denied as moot.

DATED at Denver, Colorado, on October 2, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge